IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KHRISTOFFER MANDELL HEARRON

VS.                                                                  CIVIL ACTION NO. 2:13cv94-KS-MTP

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CHRISTOPHER EPPS, ET AL

ORDER

This cause is before the Court on Motion for Leave to Proceed *in Forma Pauperis* [2] and Motion to File § 1983 Under Imminent Danger/Temporary Restraining Order [3] filed by Plaintiff Khristoffer Mandell Hearron. Plaintiff brings this 42 U.S.C. § 1983 action alleging that he was denied medical care. The Court finds that and, in fact, the Plaintiff admits that he has brought at least three civil actions under 28 U.S.C. § 1915, which have been dismissed as frivolous, malicious, or for failing to state a claim upon which relief can be granted. His *in forma pauperis* application in this civil action will therefore be denied pursuant to 28 U.S.C. § 1915(g). The Court further finds that his Motion to File § 1983 Under Imminent Danger/Temporary Restraining Order [3] is not well taken and should be denied for the hereinafter stated reasons.

DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that a prisoner's privilege to proceed *in forma pauperis* is denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S. C. § 1915(g). Excepted from this bar are cases in which "the prisoner is under imminent danger of serious physical injury." *Id.* The Court considers all actions which were dismissed as frivolous,

1

malicious, or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). Denial of *in forma pauperis* under the three strikes provision is a:

> matter of procedure. Section 1915(b) does not affect a prisoner's substantive rights, and it does not block his or her access to the courts. A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedures.... Prisoners who are not allowed to proceed i.f.p. may pursue their substantive claims just as anyone else by paying the filing fee. This requirement is neither novel or penal. It does not increase a prisoner's liability, but merely put prisoners who abuse a privilege on the same footing as everyone else.

*Id.* at 386-87.

Hearron has, on at least three prior occasions, brought civil actions under § 1915, in a court of the United States. These lawsuits were brought while he was incarcerated with the Mississippi Department of Corrections. To his credit, Plaintiff admits in the third paragraph of his motion [3] that he is not eligible to file *in forma pauperis* unless his Motion for Imminent Danger is well taken.

The imminent danger exception allows a prisoner to proceed *in forma pauperis* in cases where he is in "imminent danger of serious physical danger" 28 U.S.C. § 1915(g). The Fifth Circuit held, "a prisoner with three strikes is entitled to proceed with his action...only if he is in imminent danger at the time that he seeks to file his suit in district court or...files a motion to proceed IFP." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). "Further, '[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Malik v. McGinnis*, 293 F.3d 559, 563 (2nd Cir. 2002) (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307,

315 (3d Cir. 2001).

Hearron alleges that he has been denied medical care. In his motion he alleges that he purchased a cell phone and narcotics from an officer with the Mississippi Department of Corrections and that the payment that he gave to her for the cell phone and narcotics did not clear and, therefore, she is retaliating against him. The retaliation is prospective and the statements by the Plaintiff are conclusory and he makes no case for retaliation, other than his speculation. Therefore, the imminent danger exception does not apply to this civil action.

Hearron is not entitled to *pauperis* status since the Court denies him permission to proceed as a pauper, and the Court has not received payment of the filing fee for his civil action, this case will be dismissed without prejudice.

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, *pro se* Plaintiff Khristoffer Mandell Hearron's Motion [2] for Leave to Proceed *in Forma Pauperis* and [3] to File Section 1983 Under Imminent Danger/Restraining Order are hereby **denied.**

IT IS FURTHER ORDERED AND ADJUDGED that this case is dismissed. Since Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, this Court Order of Dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x265, 267 (5th Cir. Oct 2, 2006). A separate final judgment shall issue pursuant to Federal Ruled of Civil Procedure 58.

IT IS FURTHER ORDERED AND ADJUDGED that the Clerk of Court is directed to reopen this civil action if the full filing fee of $400. 00 is paid within 30 days from the entry of

this Order.

    SO ORDERED, this the 24th day of May, 2013.

                                  *s/Keith Starrett*
                                  UNITED STATES DISTRICT JUDGE